IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIKKIE TARVER, | ) | CASE NO. 1:08 CV 2831 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule.  The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Vikkie Tarver's application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court REVERSES and REMANDS the decision of the Commissioner for further proceedings not inconsistent with this Memorandum Opinion.

### I.  INTRODUCTION and PROCEDURAL HISTORY

On December 29, 2004, Plaintiff protectively filed an application for Supplemental Security Income benefits, alleging a disability onset date of May 1, 2001, due to problems with her right arm and shoulder (Tr. 14, 105, 140).  Plaintiff was born on September 20, 1970, which made her 34 years old at the time of the ALJ's determination and a "younger individual" for purposes of the Social Security regulations (Tr. 19).  *See* 20 C.F.R. § 416.963.  Plaintiff has a ninth grade education and no past relevant work experience (Tr. 341-42).

Plaintiff previously was awarded benefits for a closed period of time, following a decision by an ALJ dated August 25, 2004 (Tr. 26, 30-33). In that decision, the ALJ found that Plaintiff was entitled to Supplemental Security Income for the period dated from February 14, 2002 through July 30, 2003 due to multiple surgical procedures Plaintiff had undergone to treat a mass in her right shoulder (Tr. 14, 32, 342). Following the closed period of benefits, Plaintiff filed a new application for Supplemental Security Income, alleging the May 1, 2001 onset date (Tr. 140).

Plaintiff's subsequent application for benefits was denied initially and upon reconsideration (Tr. 21, 23, 69-71, 76-78). Plaintiff requested a hearing, and on April 17, 2008, she appeared with counsel and testified before Administrative Law Judge Kenneth E. Stewart (the "ALJ") (Tr. 337-56). On June 19, 2008, the ALJ issued a written decision denying Plaintiff's claim for benefits (Tr. 14-20). The ALJ determined at Step Five of the five-step sequential evaluation[1] that Plaintiff retained

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. § 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – he is not disabled.

(2) If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

(3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

(5) Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

the residual functional capacity ("RFC") to perform a range of unskilled, sedentary work existing in significant numbers in the national economy and therefore was not disabled (Tr.19-20). The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner (Tr. 4-6). On appeal, Plaintiff claims that the ALJ erred by improperly disregarding the opinions of the state agency physicians that she can reach only occasionally with her right arm.

## II. DISABILITY STANDARD

A claimant is entitled to receive Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. § 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20. C.F.R. § 416.905.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 Fed. Appx. 361, 362 (6th Cir. June 15, 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535

---

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

(6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner,* 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Secretary of Health & Human Servs.,* 884 F.2d 241, 245 (6th Cir. 1989).

## IV.  ANALYSIS

**Whether the ALJ Erroneously Disregarded the Opinions of the State Agency Physicians**

Plaintiff claims that the ALJ erred by rejecting the opinions of state agency physicians, Dr. Cho and Dr. Holbrook, that Plaintiff can reach only occasionally with her right arm. According to Plaintiff, the opinions of the state agency physicians with respect to this issue are uncontradicted; thus, the ALJ was not entitled either to weigh the evidence on this point or to substitute his own opinion for the medical evidence in the record. Plaintiff also notes the VE's testimony that a person performing unskilled, sedentary work must be able to use her dominant arm and hand on a "frequent to constant" basis. Thus, argues Plaintiff, since the uncontradicted medical evidence shows that Plaintiff can use her dominant arm only "occasionally," the VE's testimony clearly illustrates that the ALJ's decision is not supported by substantial evidence.

The Social Security regulations provide regarding the way in which ALJs should evaluate

-4-

non-examining sources:

> (i) Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, *administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence*, except for the ultimate determination about whether you are disabled. See § 416.912(b)(2).
>
> (ii) When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician or psychologist, the administrative law judge will evaluate the findings using relevant factors in paragraphs (a) through (e) of this section, such as the physician's or psychologist's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions. *Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.*

20 C.F.R. § 416.927(f)(2) (emphasis added).

Social Security Ruling 96-6p similarly provides:

> Because State agency medical and psychological consultants and other program physicians and psychologists are experts in the Social Security disability programs, the rules in 20 CFR 404.1527(f) and 416.927(f) require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists. Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions.

In May 2005, state agency physician Dr. Cho reviewed the medical evidence and completed a Physical Residual Functional Capacity Assessment. He evaluated Plaintiff's limitations due to a history of a benign tumor in her right shoulder, which was removed and treated with a three staged

surgeries (Tr. 223). Dr. Cho opined that Plaintiff was capable of a range of light work. Specifically, Dr. Cho opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; that Plaintiff could sit, stand and walk about 6 hours in an 8-hour workday; that Plaintiff would be limited in her ability to push and pull with the upper extremities due to her right arm; that Plaintiff could only occasionally reach in all directions with her right arm; and that Plaintiff should never climb ladders, ropes, or scaffolds and should avoid all exposure to dangerous machinery (Tr. 223-26). Dr. Cho further noted medical evidence indicating that Plaintiff can lift up to five pounds with her right arm (Tr. 223). Dr. Holbrook, another state agency physician, reviewed Dr. Cho's assessment in August 2005 and affirmed his findings (Tr. 229).

20 C.F.R. § 416.927(f)(2) and SSR 96-6p provide that the ALJ must consider and, unless the treating source's opinion is given controlling weight, must explain the weight given to the opinions of state agency physicians. As Plaintiff notes, the ALJ's decision does not indicate what weight the ALJ gave to the opinions of state agency physicians Dr. Cho and Dr. Holbrook; indeed, nothing in the ALJ's decision indicates that the ALJ even considered these opinions. The ALJ neither mentions these doctors by name nor discusses any of their findings in his written decision. While the Court notes that "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party," *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)), 20 C.F.R. § 416.927(f)(2) and SSR 96-6p clearly indicate that an ALJ must explain the weight given to state agency opinions "unless the treating source's opinion [was] given controlling weight."

Defendant appears to argue that the above exception may apply because the ALJ's RFC assessment is consistent with the findings of Plaintiff's treating physician, Dr. Marks. Defendant

-6-

further argues that because the ALJ's RFC assessment is consistent with Dr. Mark's opinion and because a person with the ALJ's RFC assessment can perform all of the sedentary jobs identified by the VE, the ALJ's decision is supported by substantial evidence. The ALJ did appear to accord significant deference to Dr. Marks' opinion that Plaintiff cannot lift more than five pounds with her right arm. However, Dr. Marks did not specifically give an opinion on the extent to which Plaintiff can reach with her right arm, and the ALJ makes no mention of this issue in his written decision. Indeed, Dr. Marks' only discernible opinion in the record consists of the following: "[t]he patient is unable to lift more than 5 pounds with her right arm die to the residual effect of her tumor. I believe that this is a permanent condition. She should see me in 1 years' time for routine followup" (Tr. 186). Although the ALJ appears to have credited Dr. Marks' opinion regarding the five-pound, right arm lifting limitation, the ALJ does not mention Dr. Marks by name in his written decision or specifically identify him as a treating physician. Since Dr. Marks' "opinion" does not implicate many of the issues with which the state agency physicians were concerned – including the reaching issue – this case does not appear to present a situation in which an ALJ may avoid the requirements of 20 C.F.R. § 416.927(f)(2) and SSR 96-6p by giving controlling weight to the opinion of a plaintiff's treating physician.

Yet the fact that the ALJ failed to comply with the requirements of 20 C.F.R. § 416.927(f)(2) and SSR 96-6p does not necessarily mean that remand is required. As a general rule, "[n]o principle of administrative law or common sense requires a reviewing court to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). Thus, the Court should not remand the case if the ALJ's error was harmless. However, the ALJ's exchange with the VE at the hearing illustrates why the ALJ's error in failing to address the state agency opinions with respect to

Plaintiff's ability to reach was not harmless in this case. The exchange was as follows:

> Q. Mr. Breen – I'd like you to give me some examples of light and unskilled work that are performed in the Cleveland, Ohio area.
>
> A. Okay. A greeter. About 600. A greeter --
>
> Q. Yeah.
>
> A. – (INAUDIBLE) greeter. A mail clerk. About 1,600.
>
> ******
>
> Q. And how many were there?
>
> A. About 1,600. Cashier. There's about 31,000.
>
> Q. Just a second, 31,000?
>
> A. Yes.
>
> Q. Okay. Any others?
>
> A Fast food worker, about 16,000.
>
> Q. Okay. Any others?
>
> A. Housekeeping, about 5,000.
>
> ******
>
> Q. How important is the use of the dominant arm in these jobs?
>
> A. On the host or greeter job, you're really going to – I mean, it's going to be occasionally that you use your – you can use either hand. The fast food worker, the mail clerk, the housekeeping, they're all going to use them on a frequent basis.
>
> Q. And what about the cashier?
>
> A. On a frequent basis as well.
>
> Q. Okay. What about sedentary, unskilled work, can you give me some examples?

>   A.  Certainly.  Information clerk, about 800.  A charge account clerk, about 1,100.  Eye glass assembly, about 400.  Surveillance system monitor, about 300.
>
>   Q.  How many?
>
>   A.  300.
>
>   Q.  Thank you.  And again, *how important is the use of the dominant arm and hand on these jobs*?
>
>   A.  *On sedentary jobs, it's on a frequent to constant basis.  Were not able to use it on that frequency, then we'd consider the person unemployable*

(Tr. 350-52) (emphasis added).

The VE testified that sedentary, unskilled jobs require "frequent to constant" use of the dominant arm.  It is unclear from either the ALJ's question or the VE's testimony precisely what "use" entails, whether "use" necessarily encompasses reaching, or whether a person must be able to engage in all types of use – including reaching – on a frequent to constant basis in order to be considered employable in the sedentary job base.  It may well be that a person who can reach only occasionally with the dominant arm and who has the other limitations articulated by the ALJ in his written decision could perform a range of unskilled, sedentary work existing in significant numbers in the national economy.  But whether this is so is not clear from the present record.  Since the ALJ did not indicate what weight he gave to the state agency physicians' opinion that Plaintiff is limited to occasional reaching, and since the discussion between the ALJ and the VE at the hearing suggests that a person limited to occasional reaching may not be able to perform sedentary work – or at least not the full range of sedentary work – the Court cannot say that the ALJ's failure to comply with 20 C.F.R. § 416.927(f)(2) and SSR 96-6p amounts to harmless error.

Defendant argues against remand because the state agency physicians found Plaintiff to be

capable of light work, whereas the ALJ gave Plaintiff the benefit of the doubt and found her to be capable only of sedentary work.  Defendant further argues that, based on the state agency physicians' opinions and the VE's testimony, Plaintiff would be able to perform the job of greeter.  According to the VE, the job of greeter constitutes light work and would allow a person to use either hand.  However, as Defendant himself notes, the ALJ found that Plaintiff was capable only of *sedentary* work – not light work – a finding which would make the greeter job unavailable to Plaintiff.  Defendant also argues that the ALJ was not required to accept the state agency physicians' opinions regarding occasional reaching.  That is true.  *See* SSR 96-6p ("Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists . . . ").  However, the mere fact that the ALJ is not bound by the opinions of state agency physicians does not allow him to "ignore" those opinions, *see id.*, and does not obviate his requirement under the rules and regulations to explain the weight given to those opinions.  Under some circumstances, an ALJ's failure to adhere to these requirements may be harmless, but for the reasons explained above, that is not the case here.

Accordingly, upon remand, the ALJ's decision should make clear that he or she considered the opinions of the state agency physicians and articulate what weight was given to those opinions.  The ALJ also should reassess Plaintiff's RFC in light of the state agency opinions and determine whether a significant number of jobs in the national economy accommodates Plaintiff's RFC.

## V. **DECISION**

For the foregoing reasons, the Court finds that the decision of the Commissioner that Plaintiff was not disabled is not supported by substantial evidence. Accordingly, the Court REVERSES and REMANDS the decision of the Commissioner for proceedings not inconsistent with this Memorandum Opinion.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: December 9, 2009.