IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIKKI TARVER, | ) | CASE NO. 1:08 CV 2831 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |

On March 9, 2010, Plaintiff Vikki Tarver timely filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).  Doc. 20.  In her motion, Plaintiff requests attorney fees in the amount of $1,937.50 for the time her attorney expended representing Plaintiff before this court.  On March 23, 2010, the Commissioner of Social Security ("Commissioner") filed a response indicating that he does not object to Plaintiff's motion for attorney fees.  Doc. 21.

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust.  *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004), *quoting Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004); *see also* 28 U.S.C. §2412(d)(1)(A).  The party seeking attorney's fees bears the burden of proving that he is an eligible and prevailing party, while the Commissioner must prove that the government's position was

"substantially justified."

Plaintiff asserts that she is entitled to attorney fees under the EAJA because she is an eligible and prevailing party and the position of the government was not substantially justified. Plaintiff argues that she is a prevailing party because the Court reversed and remanded the decision of the Commissioner under sentence four of 42 U.S.C. § 405(g). A sentence four remand becomes a final judgment for the purpose of claims for attorney fees brought pursuant to the EAJA upon expiration of the time for appeal. *Shalala v. Schaefer*, 509 U.S. 292 (1993). A plaintiff who obtains a sentence four remand is considered a prevailing party for the purposes of attorney's fees. *Id.* at 301-02. The Commissioner does not dispute that Plaintiff is an eligible and prevailing party. The Commissioner also does not argue that the government's position was substantially justified or that special circumstances warrant the denial or reduction of attorney's fees.

Accordingly, Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA) is hereby GRANTED. Plaintiff shall be awarded attorney fees in the amount of $1937.50, with the fee to be paid jointly to Plaintiff and her counsel, Marcia W. Margolius.

                                                                                      s/ Kenneth S. McHargh
                                                                                       Kenneth S. McHargh
                                                                                       United States Magistrate Judge

Date: March 24, 2010